# NO. 12-23-00221-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *KOURTNEY JOHMAR ANTHONY,*<br>*APPELLANT* | § | *APPEAL FROM THE 420TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *NACOGDOCHES COUNTY, TEXAS* |

### *MEMORANDUM OPINION*
### *PER CURIAM*

Kourtney Johmar Anthony appeals his conviction for possession of a controlled substance. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

### BACKGROUND

Appellant was charged by indictment with possession of four or more but less than 200 grams of methamphetamine.[1] Appellant pleaded "not guilty," and the matter proceeded to a bench trial.

At trial, the evidence showed that officers with the Nacogdoches Police Department responded to a criminal trespass call against Appellant. After the officers contacted and identified Appellant, dispatchers informed them that he had an outstanding warrant for

---

[1] A second-degree felony punishable by imprisonment for a term not more than twenty or less than two years, and a possible fine not to exceed $10,000.00. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(6) (West Supp. 2023); 481.115(a), (d) (West Supp. 2023); TEX. PENAL CODE ANN. § 12.33 (West 2019).

possession of a controlled substance. A subsequent search of Appellant's person incident to his arrest on the warrant revealed multiple controlled substances, including one later determined to be 4.30 grams of methamphetamine.

The trial court found Appellant "guilty" as charged and ordered a presentence investigation report. After a bench trial on punishment, the court assessed his punishment at imprisonment for a term of eleven years. This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*. Appellant's counsel relates that he carefully examined the record and found no error that could support an appeal. In compliance with *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978), Appellant's brief contains a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced.[2] We conducted an independent review of the record in this case and found no reversible error. *See id.* We conclude that the appeal is wholly frivolous. *See id.*

## CONCLUSION

As required by *Anders* and *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991), Appellant's counsel has moved for leave to withdraw. *See also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so and finding no reversible error, we *grant* counsel's motion for leave to withdraw and *affirm* the trial court's judgment.

Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *In re Schulman*, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or he must file a pro se petition for discretionary review. Any petition for discretionary review must be filed

---

[2] In compliance with *Kelly v. State*, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of his motion to withdraw as counsel, informed Appellant of his right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014).

within thirty days from either the date of this opinion or the date that the last timely motion for rehearing was overruled by this court. *See* TEX. R. APP. P. 68.2(a). Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See **In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered July 3, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 3, 2024**

**NO. 12-23-00221-CR**

**KOURTNEY JOHMAR ANTHONY,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 420th District Court

of Nacogdoches County, Texas (Tr.Ct.No. F2125451)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED, and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*